# UNITED STATES DISTRICT COURT
## Southern District of Texas
## Houston Division

| | | |
|---|---|---|
| Luis Rodriguez | § | |
| Plaintiff, | § § § | |
| | § | CA Number: 4:19-cv-2435 |
| v. | § § § | |
| Abercrombie Custom Homes, L.P. and Andy Abercrombie, | § § § | Jury Demanded |
| Defendants | § § | |

## Plaintiff's Original Collective Action Complaint

Luis Rodriguez ("**Plaintiff**") brings this Fair Labor Standards Act ("**FLSA**") suit against the above-named Defendants and shows as follows:

1. **Nature of Suit.**

   1.1. The Department of Labor states that the misclassification of employees as independent contractors presents one of the most serious problems facing affected workers, employers and the entire economy. Misclassified employees often are denied access to critical benefits and protections to which they are entitled, such as the minimum wage, overtime compensation, family and medical leave, unemployment insurance, and safe workplaces. Employee misclassification generates substantial losses to the federal government and state governments in the form of lower tax revenues, as well as to state unemployment

insurance and workers' compensation funds. It hurts taxpayers and undermines the economy.

1.2. Defendants failed to pay Plaintiff and the putative Class Members in accordance with the FLSA. Specifically, Plaintiff and the putative Class Members were paid as independent contractors instead of as employees. As a result, Defendant failed to pay Plaintiff and the putative Class Members at time and one half their regular rate of pay for hours worked in a workweek in excess of forty hours.

1.3. The FLSA requires the payment of a minimum wage and "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne*, 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2. **Parties.**

2.1. Plaintiff is an individual residing in the Southern District of Texas. In the three-year period preceding the filing of this action, Plaintiff was employed by Defendants within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq. as an hourly-paid construction laborer. Plaintiff's written consent to become a party plaintiff is being filed with the Court.

2.2. The "**Class Members**" are ACH's current and former employees who, within the actionable time period, were employed as construction laborers at any

location in the United States but who were paid as independent contractors. This collective action is intended to cover all individuals who performed construction labor services and who were paid as independent contractors, regardless of actual job title. The construction laborers were and are paid a straight-time hourly rate and not compensated at the statutory rate of one and one-half times their regular rate of pay for all hours worked more than forty (40) in a workweek.

2.3. Defendant Abercrombie Custom Homes, L.P. ("**ACH**") is an entity engaged in commerce or the production of goods for commerce within the meaning of the FLSA and is obligated to ensure that all employees are paid in accordance with the FLSA.

2.4. Upon information and belief, Defendant Andy Abercrombie ("Abercrombie") is a Texas resident and the owner of ACH.

2.5. ACH and Abercrombie are collectively referred to as "**Defendants**."

3. **Jurisdiction and Venue.**

   3.1. Venue of this action is proper in this district and division because the events giving rise to the cause of action alleged herein occurred in this division and judicial district. Venue exists in the judicial district pursuant to 28 U.S.C. § 1391.

   3.2. Defendants carry on substantial business in the Southern District of Texas and have sufficient minimum contacts with this state to be subject to this Court's jurisdiction.

3.3. This Court has jurisdiction over this case pursuant to the district court's federal question jurisdiction as set forth in 28 U.S.C. § 1331. Specifically, this case is brought pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*, as amended.

4. **Coverage.**

    4.1. At all material times, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Plaintiff.

    4.2. At all times hereinafter mentioned, Defendants have been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

    4.3. At all times hereinafter mentioned, Defendants have been an enterprise with the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

    4.4. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaging in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce for any person in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

    4.5. ACH is a custom home builder. Two or more of ACH's employees, including Plaintiff, engage in commerce by using equipment that has traveled in interstate

commerce. By way of example and not by limitation, Plaintiff and ACH's employees used/use:

4.5.1. Construction supplies that have been manufactured and shipped across state lines;

4.5.2. computers and telecommunications equipment that has been manufactured and shipped across state lines;

4.5.3. office equipment, such as copiers, that has been manufactured and shipped across state lines;

4.5.4. the interstate telephone systems, landline and cellular, to communicate with customers and suppliers;

4.5.5. The United States postal system to send mail across state lines; and

4.5.6. the interstate banking systems to accept payments from customers and to pay Defendant's employees.

4.6. Abercrombie had authority to set corporate policy, participate in decisions regarding the payment of employees as well as participate in decisions regarding whether or not to pay Plaintiff overtime. In addition, Abercrombie had operational control of significant aspects of ACH's day-to-day functions and independently exercised control over the work situation. Abercrombie had direct involvement in the day-to-day operation of ACH and had direct responsibility for the supervision of the employees. Abercrombie set work schedules and made work assignments.

4.7. Abercrombie: (1) possessed the power to hire and fire the employees and did so; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records.

4.8. Abercrombie acted, directly or indirectly, in the interests of an employer in relation to Plaintiff.

4.9. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

4.10. Plaintiff was employed by Defendants within the applicable statute of limitations.

5. **Factual Allegations.**

5.1. ACH is a custom home builder in Houston, Texas.

5.2. Plaintiff worked for Defendants as a construction laborer.

5.3. Plaintiff's job responsibilities consisted of non-exempt work.

5.4. Plaintiff was paid on an hourly basis at a straight time rate of $17.00 per hour.

5.5. Plaintiff regularly worked in excess of 40 hours a week. For example, during consecutive weeks in March of 2019 Plaintiff worked 53 and 44 hours respectively and was only paid at the straight time rate of $17 per hour. Plaintiff was not paid at an overtime rate for any of the hours he worked in excess of 40 in those workweeks.

5.6. Defendants did not pay Plaintiff time-and-one-half his regular rate of pay for the hours that Plaintiff worked over 40 hours a week.

5.7. Defendants improperly misclassified Plaintiff as an independent contractor.

5.8. Plaintiff was not an independent contractor but in fact was an employee of Defendants in part because:

  5.8.1. Defendants exercised total control over the work performed by Plaintiff;

  5.8.2. The relative investment of Defendants in the construction projects far outweighed the investment by Plaintiff;

  5.8.3. Plaintiff's opportunity for profit or loss was determined by Defendants;

  5.8.4. The work consisted of manual labor thus the skill and initiative required in performing the job was minimal; and

  5.8.5. Plaintiff was hired on a permanent basis and not on a project by project basis.

5.9. Defendants knowingly, willfully, and/or with reckless disregard carried out its illegal pattern and/or practice of failing to pay the minimum wage and/or overtime compensation with respect to Plaintiff.

6. **Collective Action Allegations.**

6.1. Other employees have been victimized by this pattern, practice, and policy which are in willful violation of the FLSA. Other construction laborers were paid in the same manner as Plaintiff, i.e., treated as independent contractors and no overtime pay for hours worked in excess of 40 per workweek. The no time and

one-half payment policy of Defendants has been uniformly imposed on the putative Class Members.

6.2. The putative Class Members performed job duties typically associated with non-exempt employees. Their duties were routine and did not require the exercise of independent judgment or discretion. Moreover, these employees regularly worked more than 40 hours in a workweek and were not paid one and one-half their regular rate of pay for hours worked in excess of 40 hours in a work week.

6.3. Accordingly, the employees victimized by Defendants' unlawful pattern and practices are similarly situated to Plaintiff in terms of job duties and pay provisions.

6.4. Defendant's failure to pay the overtime compensation at the rates required by the FLSA from generally applicable policies or practices and do not depend on the personal circumstances of the putative Class Members. Thus, Plaintiff's experience is typical of the experience of the putative Class Members.

6.5. The specific job titles, precise job requirements or job locations of the various Class Members do not prevent collective treatment. All putative Class Members, regardless of their work location, precise job requirements or rates of pay, are entitled to be paid the minimum wage and/or overtime compensation for hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus

of liability facts.  The questions of law and fact are common to Plaintiff and the putative Class Members.

6.6. Accordingly, the class of similarly situated plaintiffs is properly defined as:

**6.6.1. All hourly-paid construction laborers (regardless of actual job title) who worked for ACH within the last three years who were paid as independent contractors and who worked in excess of 40 hours in one or more workweeks and were not compensated at one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in one or more workweeks.**

6.7. Plaintiff brings this action on behalf of similarly situated employees.

6.8. As a collective action, Plaintiff seeks this Court's appointment and\or designation as representative of a group of similarly situated individuals as defined herein.

7. **Cause of Action: Failure to Pay Wages in Accordance with the Fair Labor Standards Act.**

7.1. Each and every allegation contained in the foregoing paragraphs 1-6, inclusive, is re-alleged as if fully rewritten herein.

7.2. During the relevant period, Defendants have violated Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed.

7.3. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay the minimum wage and/or overtime compensation with respect to Plaintiff. Defendants were aware of the requirements of the FLSA but choose to ignore them to put profits before the law.

7.4. Defendants did not act in good faith and/or have reasonable grounds for a belief that their actions did not violate the FLSA nor did they act in reliance upon any of the following in formulating their pay practices: (a) case law; (b) the FLSA, 29 U.S.C. § 201, et seq.; (c) Department of Labor Wage & Hour Opinion Letters; or (d) the Code of Federal Regulations.

8. **Jury Demand.**

   8.1. Plaintiff demands a trial by jury herein.

9. **Relief Sought.**

   9.1. Wherefore, Plaintiff, individually and on behalf of the Class Members, respectfully requests that this Court grant the following relief for the time period beginning three years prior to the date of the filing of this suit and continuing to the date of trial:

   9.1.1. Designation of this action as a collective action on behalf of the Plaintiff and Class Members and promptly issue a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals, appraising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consents to participate in the suit pursuant to 29 U.S.C. §216(b);

9.1.2. An order requiring Defendant to turn over to Plaintiff, at Defendant's expense, a detailed investigative accounting for the number of overtime-eligible hours actually worked by the Plaintiff and all the Class Members;

9.1.3. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

9.1.4. A finding that Defendant's actions are willful under the FLSA;

9.1.5. An award of unpaid wages for overtime compensation due under the FLSA and continuing until the time of trial;

9.1.6. An award of liquidated damages as a result of the Defendant's failure to pay overtime compensation pursuant to the FLSA and continuing until the time of trial;

9.1.7. An award of prejudgment and post judgment interest;

9.1.8. An award of costs and expenses of this action together with reasonable attorneys' fees and expert witness fees;

9.1.9. Incentive awards for the lead Plaintiff(s);

9.1.10. Leave to add additional plaintiffs by motion, the filing of written consents, or any other method approved by the Court;

9.1.11. Equitably tolling of the statute of limitations for the Class Members effective the date of the filing of this Complaint; and

9.1.12. Such other and further relief as this Court deems just and proper.

Respectfully submitted,

By:   */s/ Chris R. Miltenberger*
      Chris R. Miltenberger
      Texas Bar Number: 14171200

**Attorney -in-Charge**

**The Law Office of Chris R. Miltenberger, PLLC**

1360 N. White Chapel, Suite 200
Southlake, Texas 76092-4322
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

**Attorney for Plaintiff**